## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKI ANN BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO.  CIV-14-0979-HE |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Plaintiff Vicki Ann Baker filed this action appealing the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her

application for disability insurance benefits.  Consistent with 28 U.S.C. § 636(b)(1)(B), the

case was referred to Magistrate Judge Gary M. Purcell, who has recommended that the

Commissioner's decision be reversed and the matter remanded for further proceedings [Doc.

#20].  Commissioner has filed an objection to the Report and Recommendation [Doc. #21].

Having conducted *de novo* review, the court concludes, with some reluctance, that the Report

and Recommendation should be adopted, the decision of the Commissioner reversed, and the

matter remanded for further administrative proceedings.

Plaintiff applied for disability insurance benefits, alleging she became disabled on

June 4, 2010.  Her application was denied on initial consideration and reconsideration.

Plaintiff then requested a hearing by an administrative law judge ("ALJ").  The ALJ held the

hearing and issued an unfavorable decision on May 16, 2013, concluding that plaintiff was

capable of performing her previous work as an office manager and account manager, and was

therefore not disabled under the Social Security Act and not entitled to benefits. The Appeals

Council denied plaintiff's request for review, so the ALJ's decision is the final decision of

the Commissioner.

In her appeal to this court, plaintiff claims that the ALJ accorded little weight to the

opinion of plaintiff's treating physician, Dr. Timothy Moore, but failed to articulate the

reasons for not assigning controlling weight to Dr. Moore's opinion.[1] Judge Purcell

concluded that Tenth Circuit law requires the ALJ to explain for the benefit of subsequent

reviewers why a treating physician's opinion is not entitled to controlling weight. Doc. #20

(*citing* Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003)). Opinions that are

assigned less than controlling weight must still be evaluated in light of analytical factors

outlined in 20 C.F.R. §§ 404.1527 and 416.927. Although the ALJ noted at the beginning

of her review of evidence that she considered some of those factors, she did not detail her

application of those factors when she summarized and effectively rejected Dr. Moore's

opinions later in her decision.

It may well be that, upon remand, the ALJ can readily identify and explain the

evidence leading to a conclusion that the treating physician's opinion should not be accorded

controlling weight and the result reached here is no doubt subject to the criticism that it exalts

form over substance. However, giving effect to the applicable regulations and case law, the

---

[1] *Plaintiff also challenges the ALJ's findings that plaintiff's mental impairment was not severe. The magistrate judge noted that although this matter is appropriate for remand on plaintiff's first ground, there is substantial evidence to support the ALJ's conclusions regarding plaintiff's mental impairment. The court agrees.*

court concludes Judge Purcell's recommendation accurately applies the pertinent standards. Accordingly, the court **ADOPTS** the Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order. This decision does not suggest or imply any view as to whether plaintiff is or is not disabled, or what result should be reached on remand.

    **IT IS SO ORDERED**.

    Dated this 23rd day of October, 2015.


_____

JOE HEATON
UNITED STATES DISTRICT JUDGE