# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICKI ANN BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-14-0979-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Vicki Ann Baker filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. On October 23, 2015, the court reversed and remanded the case for further administrative proceedings on the basis the administrative law judge ("ALJ") failed to explain why he accorded little weight to the opinion of plaintiff's treating physician. Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), which authorizes a prevailing party in certain actions against the United States to recover reasonable attorney's fees when the government's position is not "substantially justified." See 28 U.S.C. § 2412(d)(1)(A). The Commissioner has objected, arguing that because her positions both in administrative proceedings and in litigation were substantially justified, plaintiff is not entitled to a fee award.

The government bears the burden of demonstrating that its position was substantially justified. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007). The term "position" refers to the government's stance both in the underlying agency action and during subsequent

litigation. Id.; 28 U.S.C. § 2412(d)(2)(D). Substantial justification requires only that the government's position be reasonable in law and fact—even if its efforts are not ultimately successful. Madron v. Astrue, 646 F.3d 1255, 1257–58 (10th Cir. 2011).

Here, the government's position, considered "as an inclusive whole," was reasonable in law and fact. See Madrid v. Astrue, 243 F. App'x 387, 392 (10th Cir. 2007) (unpublished).[1] The ALJ failed to explain why Dr. Moore's medical source opinion was accorded little weight, but that does not mean that the assignment of little weight was, itself, error. The order remanding this case for further administrative proceedings recognized that "[i]t may well be that, upon remand, the ALJ can readily identify and explain the evidence leading to the conclusion that the treating physician's opinion should not be accorded controlling weight." Doc. No. 23, at 2. Both the Commissioner and the Magistrate Judge who issued the Report and Recommendation noted various medical evidence which contradicted Dr. Moore's medical source opinion, including some medical evidence which was included in Dr. Moore's own treatment records.

The flaw in the ALJ's opinion was a failure to explain the basis for its treatment of the treating physicians opinion. However, as indicated, there was evidence in the record which arguably supported that treatment. In these circumstances, the court concludes the Commissioner's position was substantially justified, though not ultimately successful. See Flores v. Astrue, 246 F. App'x 540, 542–43 (10th Cir. 2007) (unpublished). Accordingly,

---

[1]Unpublished decisions are cited only for persuasive value under 10th Cir. R. 32.1.

2

plaintiff's motion for award of attorney's fees [Doc. No. 27] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of April, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE